IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>APPROXIMATELY $4,000.00 IN )<br>UNITED STATES CURRENCY SEIZED FROM )<br>TERRELL JAMAR HOUSTON ON OR ABOUT )<br>FEBRUARY 29, 2020 ) | CIVIL NO. 3:20-cv-00667 |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

NOW COMES Plaintiff the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, in a civil cause of forfeiture, and alleges as follows:

### INTRODUCTION AND NATURE OF THE ACTION

1. This is a civil forfeiture action *in rem* against $4,000.00 in United States Currency seized by law enforcement from Terrell Jamar Houston on or about February 29, 2020 during a traffic stop on East Independence Boulevard, Matthews, North Carolina, in the Western District of North Carolina ("the Currency").

2. The Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, is proceeds traceable to such an exchange, and/or is money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and/or 846.

3. Procedures for this action are mandated by 21 U.S.C. § 881, 18 U.S.C. § 983, 19 U.S.C. §§ 1602-1621, and, to the extent applicable, the Federal Rules of Civil Procedure and

accompanying Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355. These statutes confer original jurisdiction to federal district courts of all civil actions, suits, or proceedings commenced by the United States and any action for the forfeiture of property incurred under any act of Congress.

5. Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred within the Western District of North Carolina. Venue is also proper pursuant to 28 U.S.C. § 1395 because the Currency was seized in the Western District of North Carolina.

6. The Currency has been seized and is now within the Western District of North Carolina.

7. Based on the following facts, verified by the United States Marshal Service Senior Inspector Oleg Mitnitsky, this action seeks the forfeiture of all right, title, and interest in the Currency.

## FACTS GIVING RISE TO FORFEITURE

8. On February 29, 2020, Stallings Police Department Officer Lovingood was operating stationary radar on US Highway 74 near Stallings Road in Matthews, North Carolina, within the Western District of North Carolina.

9. Officer Lovingood observed a dark vehicle rapidly approaching another vehicle in the road and swerving to avoid a collision with the other vehicle. Officer Lovingood was able to determine the dark vehicle was traveling at 78 mph in a 55 mph zone.

10. Officer Lovingood activated his blue lights and was eventually able to stop the dark vehicle.

11. Upon contact with the driver, later identified as Terrell Jamar Houston, Officer Lovingood smelled a strong odor of alcohol. Houston admitted to drinking approximately one hour prior to the stop.

12. Officer Lovingood noticed that Houston's eyes were red and glassy. Further, Houston was unable to produce paperwork for the vehicle. Officer Lovingood decided to perform a field sobriety test.

13. Upon testing, Houston was unable to maintain his balance, count from 72 to 55, perform a finger dexterity test, or perform the finger to nose test. Following Houston's failure to pass a "blow" sobriety test, law enforcement arrested Houston on charges of driving while under the influence.

14. A search of the vehicle revealed a bottle of Hennessey liquor in the rear floorboard and a backpack in the trunk. Inside the backpack were 16.86 ounces of marijuana and a jury notice for Houston.

15. After arrest, a search of Houston's person revealed a large quantity of cash in both his right and left front pockets, which Houston advised was his tax refund. The cash was primarily $20.00 bills, bundled in several hundred dollar increments. Once booked into the Union County jail, jail staff located an addition sum of cash concealed in Houston's boxer shorts. The total amount of money entered into evidence was $8,407.27. The dominations of the seized cash were as follows: seven $100 bills; two $50 bills; three-hundred-and-fifty-three $20 bills; thirty-nine $10 bills; thirty $5 bills; seven $1 bills; and a quarter and two pennies. These denominations, largely of smaller $20 bills, are consistent with drug trafficking.

16. Of the total $8,407.27, $2,378.89 was seized by the North Carolina Department of Revenue to satisfy Houston's outstanding drug tax. The remaining $6,028.38 was held in evidence by Stallings Police Department..

17. At the time of his arrest for DWI, Houston was serving a term of federal supervised release as a result of a prior conviction, on May 9, 2016, for Possession of a Firearm by a Convicted Felon.

18. Ultimately, pursuant to a Supervised Release Violation Agreement filed on August 27, 2020 (Doc. 71; 3:15-cr-00209, WDNC), Houston agreed (1) that he was in violation of his supervised release and (2) to the civil forfeiture of $4,000.00 of the United States currency seized from him on February 29, 2020 (Doc. 71 ¶ 6). This $4,000.00 constitutes the subject *res* in this case.

## PRAYER FOR RELIEF

By virtue of the foregoing, all right, title, and interest in the Currency vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture, 21 U.S.C. § 881(h), and has become and is forfeitable to the United States of America.

WHEREFORE, the United States of America respectfully prays the Court that:

(1) a warrant for the arrest of the Defendant Currency be issued;

(2) due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

(3) judgment be entered declaring the Defendant Currency to be condemned and forfeited to the United States of America for disposition according to law; and

(4) the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not

limited to the expenses of maintenance and protection of the Defendant Currency as required by 28 U.S.C. § 1921.

Respectfully submitted this 2nd day of December, 2020.

<div style="margin-left: 40%">
R. ANDREW MURRAY<br>
UNITED STATES ATTORNEY

s/ Benjamin Bain-Creed<br>
Florida Bar # 0021436<br>
Assistant United States Attorney<br>
Suite 1650, 227 West Trade Street<br>
Charlotte, North Carolina 28202<br>
Telephone: (704) 344-6222<br>
Fax: (704) 344-6629<br>
E-mail: benjamin.bain-creed@usdoj.gov
</div>

## **VERIFICATION**

Oleg Mitnitsky deposes and says under penalty of perjury:

I am a Senior Investigator with the United Marshal Service and one of the agents assigned to this case.

I have read the foregoing Complaint and the factual information contained therein is true according to the best of my knowledge, information, and belief.

*Oleg Mitnitsky*
Oleg Mitnitsky, Senior Inspector