IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO.: 3:20-cv-00667

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **DEFAULT JUDGMENT** |
| APPROXIMATELY $4,000.00 IN UNITED ) | |
| STATES CURRENCY SEIZED FROM TERRELL ) | |
| JAMAR HOUSTON ON OR ABOUT ) | |
| FEBRUARY 29, 2020 ) | |

THIS MATTER is before the Court on the United States of America's Motion for Default Judgment in this case. For good cause shown, the Court will GRANT the Motion and enter this Default Judgment. The Court FINDS AS FOLLOWS:

**BACKGROUND**

On December 2, 2020, the United States filed a Complaint (Doc. 1) against the defendant $4,000 in United States Currency captioned above ("the Currency"). The Complaint alleged that, on or about February 29, 2020, law enforcement seized the Currency from Terrell Jamar Houston ("Houston") during a traffic stop in Matthews, North Carolina. Subsequent to the traffic stop, law enforcement arrested Houston for DWI and searched his vehicle. Upon a search of the vehicle, officers located a bottle of Hennessey liquor, marijuana, and $8,407.27 in United States Currency (which included the Currency at-issue here). At the time of his arrest, Houston was subject to federal supervised release. The North Carolina Department of Revenue seized $2,378,89 to satisfy Houston's outstanding drug tax. Houston agreed to forfeit $4,000.00 of the currency, with the

remaining $2,028.38 to be returned to him. The Complaint resulted from these circumstances and the agreement between Houston and the United States.

From December 4, 2020 through January 2, 2021, pursuant to Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(4)(a), the Government provided Notice by Publication (Doc. 4) of this action. The time-period for third parties to claim the Currency has now expired.

## LEGAL CONCLUSIONS

Fed. R. Civ. P. 55 (b)(2) provides for entry of the requested Default Judgment by the Court. Here, the United States has provided notice of forfeiture in accordance with the Federal Rules of Civil Procedure, Supplement Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G. Further, no individuals or entities have filed claims and the time-period for filing claims has expired. Finally, the Clerk has issued an Entry of Default (Doc. 6). Therefore, the requested Default Judgment is appropriate.

BASED ON THE FOREGOING FINDINGS, THE COURT CONCLUDES that the Government is entitled to a Judgment of by Default against the Defendant Property.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Government's Motion for Default Judgment is hereby GRANTED.

2. Any and all right, title, and interest of all persons in the world in or to the following Defendant Property is hereby forfeited to the United Sates, and no other right, title, or interest shall exist therein:

**Approximately $4,000.00 in United States Currency seized from Terrell Jamar Houston on or about February 29, 2020**

Signed: June 28, 2021

Frank D. Whitney
United States District Judge